## DOLD v. ROBERTSON.

Filed January 15, 1886.

1. **APPEAL—FAILURE TO PROSECUTE—JUDGMENT.**

    Under Comp. Laws N. M. § 2189, upon failure to assign errors on or before the first day of the term to which the cause is returnable, judgment against appellant, or plaintiff in error, may be affirmed, in the absence of good cause shown.

2. **SAME—DAMAGES.**

    Under section 2191, Id., on such affirmation of judgment, damages not exceeding 10 per cent. of the judgment may be awarded against appellant, or plaintiff in error, for vexatiously delaying the final process of the court.

3. **SAME—ERROR—JUDGMENT AGAINST SURETIES.**

    Section 2206, Id., providing that, on appeal in civil suits, judgment against appellant shall be against him and his sureties on the appeal-bond, applies equally to judgments on writs of error, against plaintiff in error.

*O'Bryan & Pierce,* for defendant in error.

LONG, C. J. Herein an action in *assumpsit* was commenced in the district court of the First judicial district, sitting in the county of San Miguel, by Richard P. Robertson, the defendant here in error, against John Dold, the plaintiff in error. Said Dold appeared in said action, and judgment *nil dicit* was therein rendered against him for $3,407.03. Soon after, upon his application, a writ of error issued, and further proceedings in the cause below were stayed upon the proper bond being filed. The plaintiff in error failed to take any further action, or to file in this court any transcript of the record below. On the second day of the present term of this court, the cause was regularly called in its order for trial. Plaintiff in error on such call failed to appear. Thereupon the defendant in error, by Pierce & O'Bryan, his attorneys, did appear, produced a transcript of the proceedings below, and in writing moved the court "to enter judgment against the appellant and his sureties for the amount of the judgment rendered in the court below, with interest on the same, and 10 per cent. on the same as damages, together with costs in both courts." The defendant in error did not favor the court with a brief, but cited rule 10 on page 6 of the rules of the supreme court, and certain sections of the Compiled Laws of this territory, in support of his motion. Rule 10 is as follows:

"When there is no appearance for the plaintiff in error or appellant when the cause is called for trial, the defendant may have the plaintiff in error or appellant called, and dismiss the writ of error or appeal, or may open the record, and pray for an affirmance."

The following is that part of section 2189 of the Compiled Laws pertinent to the question here:

"The appellant shall file in the office of the clerk of the supreme court, at least ten days before the first day of such court to which the appeal is returnable, a perfect transcript of the record and proceedings in the case. If he fail to do so, the appellee may produce in court such transcript, and if it appear thereby that an appeal has been allowed in the cause, the court shall affirm the judgment, unless good cause can be shown to the contrary. On appeals and writs of error, the appellant and plaintiff in error shall assign errors on or before the first day of the term to which the cause is returnable.

In default of such assignment of errors, the appeal or writ of error may be dismissed, and the judgment affirmed, unless good cause for such failure be shown."

"Sec. 2191. Upon the affirmation of any judgment or decision, the supreme court may award to the appellee or defendant in error such damages, not exceeding 10 per cent. on the amount of the judgment complained of, as may be just."

"Sec. 2206. In case of appeal in civil suits, if the judgment of the appellate court be against the appellant, it shall be rendered against him and his securities in the appeal-bond."

In support of that part of his motion asking for judgment in this court against the securities upon the bond, defendant in error relies upon section 2206. Under the rule quoted and the foregoing sections, it is clear judgment may be affirmed against Dold. He abandoned all further action after procuring stay of proceedings. The effect thereof was vexatious delay; therefore, under section 2191, damages should be assessed against him. A party should not stay proceedings, and delay the final process of the court, unless he intends in good faith to prosecute his error or appeal; and if he does so, should respond in damages. A more difficult question, and one of importance in practice, arises on that part of the motion for judgment against the securities. If section 2206 applies to cases brought to this court by writ of error, then it is settled that judgment may here be rendered against the securities upon the bond. In the case of *Beall* v. *New Mexico*, 16 Wall. 535, the supreme court of the United States considers the question. The supreme court of the territory of New Mexico, in a cause on appeal from the district court, affirmed the action of the tribunal below, and rendered judgment against the securities upon the appeal-bond. The case was taken to the supreme court of the United States, this action approved, and the judgment held to be correct. On the authority of that case the rule is, where an appeal is taken to the supreme court, an appeal-bond given, and the case affirmed, "if the judgment be against the appellant it shall be rendered against him and his sureties." The case cited was clearly one of appeal. It was not determined what the rule should be in a cause taken from the district court to the supreme court on writ of error. That question is involved in the motion here.

A careful consideration of the phraseology of section 2206 renders it to some extent uncertain whether the remedy therein given should be extended against securities in causes in this court on writ of error. If the language alone is to be considered, the words "appeal-bond" and "appeal," used in the section, would indicate an intention to limit the remedy to causes here strictly on appeal. To aid in ascertaining the intent, we may consider the evil intended to be cured by this section. It was evidently intended to relieve the party holding such a bond from the expense and delay incident to an action therein, and to give him a cheaper and more speedy remedy. No reason can be given why such relief should be provided by the legislature in

cases strictly on appeal, and denied in those in the appellate court by writ of error. Webster defines the word "appeal" as follows: "To refer to a superior judge or court for the decision of a cause depending, or the revision of a cause decided in a lower court." Bouv. Law Dict. 120, defines "appeal" as "the removal of a cause from a court of inferior to one of superior jurisdiction, for the purpose of obtaining a review and retrial."

Considering the relief intended to be given, it may be fairly concluded the legislature did not use the word "appeal" as applied to the mode of removing causes to the supreme court, but rather to the removal as consummated, and intended to give that word a broad and general, rather than a restricted and technical, meaning. We so construe it, and hold section 2206 to apply to causes in this court on writ of error.

The judgment of the court below is affirmed, and herein entered against the appellant and the securities upon his bond for the amount of the judgment below, interest thereon from the date of rendition to the present time, with 5 per cent. damages, and costs in both courts.

BRINKER and HENDERSON, JJ., concur.